MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

IME DIAZ-CABALLERO  (A.K.A. JORGE),
*individually and on behalf of others similarly
situated,*

       *Plaintiff,*

   -against-

MIDTOWN CATCH CORP. (D/B/A
MIDTOWN CATCH), MICHAEL CIOFFI,
and JOSEPH POLIZZI,

       *Defendants.*

--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

  Plaintiff Ime Diaz-Caballero  (a.k.a. Jorge) ("Plaintiff Diaz-Caballero " or "Mr. Diaz-Caballero "), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Midtown Catch Corp. (d/b/a Midtown Catch), ("Defendant Corporation"), Michael Cioffi and  Joseph Polizzi, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

  1. Plaintiff Diaz-Caballero is a former employee of Defendants Midtown Catch Corp. (d/b/a Midtown Catch), Michael Cioffi, and Joseph Polizzi.

  2. Defendants own, operate, or control a seafood market, located at 405 East 57th Street, New York NY 10022 under the name "Midtown Catch".

3.     Upon information and belief, individual Defendants Michael Cioffi and Joseph Polizzi, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the Seafood market as a joint or unified enterprise.

4.     Plaintiff Diaz-Caballero was an employee of Defendants.

5.     Plaintiff Diaz-Caballero was employed as a delivery worker at the Seafood market located at 405 East 57th Street, New York NY 10022.

6.     Plaintiff Diaz-Caballero was ostensibly employed as a delivery worker. However, he was  required to spend a considerable part of his work day performing non-tipped duties, including but not limited to working outside the store, accepting the fish deliveries, stocking them inside, cleaning, running to the bank when they needed money, running to the grocery market to run errands for the owners, taking out garbage, twisting and tying up cardboard boxes, sweeping and mopping, cleaning the bathroom and windows, carrying down and stocking fish in the basement, cleaning the refrigerator and stocking the fish into the refrigerator (hereafter the "non-tipped duties").

7.     At all times relevant to this Complaint, Plaintiff Diaz-Caballero worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

8.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Diaz-Caballero appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.    Defendants employed and accounted for Plaintiff Diaz-Caballero as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Diaz-Caballero's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Diaz-Caballero's actual duties in payroll records by designating him as a delivery worker instead of a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Diaz-Caballero at the minimum wage rate and enabled them to pay them above the tip-credit rate, but below the minimum wage.

12.    In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Diaz-Caballero's and other tipped employees' tips and made unlawful deductions from Plaintiff Diaz-Caballero's and other tipped employees' wages.

13.    Defendants' conduct extended beyond Plaintiff Diaz-Caballero to all other similarly situated employees.

14.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Diaz-Caballero  and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.    Plaintiff Diaz-Caballero now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor

Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.    Plaintiff Diaz-Caballero seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Diaz-Caballero's state law claims under 28 U.S.C. § 1367(a).

18.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a seafood market located in this district. Further, Plaintiff Diaz-Caballero was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.    Plaintiff Ime Diaz-Caballero (a.k.a. Jorge) ("Plaintiff Diaz-Caballero" or "Mr. Diaz-Caballero") is an adult individual residing in Bronx County, New York.

20.    Plaintiff Diaz-Caballero was employed by Defendants at Midtown Catch from approximately August 2016 until on or about July 2017.

21.    Plaintiff Diaz-Caballero consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.    At all relevant times, Defendants own, operate, or control a seafood market, located at 405 East 57th Street, New York NY 10022 under the name "Midtown Catch".

23.    Upon information and belief, Midtown Catch Corp. (d/b/a Midtown Catch) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 405 East 57th Street, New York NY 10022.

24.    Defendant Michael Cioffi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Michael Cioffi is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Michael Cioffi possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Diaz-Caballero, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Joseph Polizzi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joseph Polizzi is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Joseph Polizzi possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Diaz-Caballero, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.     Defendants operate a seafood market located in the Sutton Place section of Manhattan in New York City.

27.     Individual Defendants, Michael Cioffi and Joseph Polizzi, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Diaz-Caballero's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Diaz-Caballero, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Diaz-Caballero (and all similarly situated employees) and are Plaintiff Diaz-Caballero's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Diaz-Caballero and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendants Michael Cioffi and Joseph Polizzi operate Defendant Corporation as either an alter ego of  themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Diaz-Caballero's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Diaz-Caballero, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Diaz-Caballero's services.

34.    In each year from 2016 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Seafood market on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.    Plaintiff Diaz-Caballero is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

37.    Plaintiff Diaz-Caballero seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ime Diaz-Caballero (a.k.a. Jorge)*

38.    Plaintiff Diaz-Caballero was employed by Defendants from approximately August 2016 until on or about July 2017.

39.    Defendants ostensibly employed Plaintiff Diaz-Caballero as a delivery worker.

40.    However, Plaintiff Diaz-Caballero was also required to spend a significant portion of his work day performing the non-tipped duties described above.

41.    Although Plaintiff Diaz-Caballero ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

42.    Plaintiff Diaz-Caballero regularly handled goods in interstate commerce, such as fish and other supplies produced outside the State of New York.

43.    Plaintiff Diaz-Caballero's work duties required neither discretion nor independent judgment.

44.    Throughout his employment with Defendants, Plaintiff Diaz-Caballero regularly worked in excess of 40 hours per week.

45.    From approximately August 2016 until on or about July 2017, Plaintiff Diaz-Caballero worked as a delivery worker from approximately 10:00 a.m. until on or about 8:00 p.m., three days a week and from approximately 10:00 a.m. until on or about 8:30 p.m. or 8:45 p.m. three days a week (typically 61.5 to 62.25 hours per week).

46.    Throughout his employment, Defendants paid Plaintiff Diaz-Caballero his wages in cash.

47.    From approximately August 2016 until on or about July 2017, Defendants paid Plaintiff Diaz-Caballero a fixed salary of $480 per week.

48.    For approximately one week, Defendants did not pay Plaintiff Diaz-Caballero any wages for his work.

49.    Plaintiff Diaz-Caballero's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

50.    For example, Defendants required Plaintiff Diaz-Caballero to work an additional 30 to 45 minutes past his scheduled departure time three times a week, and did not pay him for the additional time he worked.

51.    Defendants never granted Plaintiff Diaz-Caballero any breaks or meal periods of any kind.

52.    Plaintiff Diaz-Caballero was never notified by Defendants that his tips were being included as an offset for wages.

53.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Diaz-Caballero's wages.

54.    Defendants withheld all of Plaintiff Diaz-Caballero's tips; specifically, Defendants pocketed $30 to $100 per day.

55.    Plaintiff Diaz-Caballero was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56.    Defendants did not provide Plaintiff Diaz-Caballero an accurate statement of wages, as required by NYLL 195(3).

57.    Defendants did not give any notice to Plaintiff Diaz-Caballero, in English and in Spanish (Plaintiff Diaz-Caballero's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.    Defendants required Plaintiff Diaz-Caballero to purchase "tools of the trade" with his own funds—including bicycle repairs.

*Defendants' General Employment Practices*

59.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Diaz-Caballero  (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

60.    Plaintiff Diaz-Caballero was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

61.    Defendants' pay practices resulted in Plaintiff Diaz-Caballero not receiving payment for all his hours worked, and resulting in Plaintiff Diaz-Caballero's effective rate of pay falling below the required minimum wage rate.

62.    Defendants habitually required Plaintiff Diaz-Caballero to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

63.    Defendants required Plaintiff Diaz-Caballero to perform general non-tipped tasks in addition to his primary duties as a delivery worker.  Plaintiff Diaz-Caballero and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

64.    Plaintiff Diaz-Caballero's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general Seafood market work with duties, including the non-tipped duties described above.

65.     Plaintiff Diaz-Caballero and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

66.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Diaz-Caballero's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

67.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

68.    In violation of federal and state law as codified above, Defendants classified Plaintiff Diaz-Caballero and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

69.    Defendants failed to inform Plaintiff Diaz-Caballero who received tips that Defendants intended to take a deduction against Plaintiff Diaz-Caballero's earned wages for tip income, as required by the NYLL before any deduction may be taken.

70.    Defendants failed to inform Plaintiff Diaz-Caballero who received tips, that his tips were being credited towards the payment of the minimum wage.

71.    Defendants failed to maintain a record of tips earned by Plaintiff Diaz-Caballero who worked as a delivery worker for the tips he received.

72.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Diaz-Caballero who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Diaz-Caballero, a delivery worker, of a portion of the tips earned during the course of employment.

73.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Diaz-Caballero, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

74.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

75.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

76.    Plaintiff Diaz-Caballero was paid his wages in cash.

77.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Diaz-Caballero (and similarly situated individuals) worked, and to avoid paying Plaintiff Diaz-Caballero properly for his full hours worked.

78.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

79.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Diaz-Caballero and other similarly situated former workers.

80.    Defendants failed to provide Plaintiff Diaz-Caballero and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

81.    Defendants failed to provide Plaintiff Diaz-Caballero and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

82.    Plaintiff Diaz-Caballero brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

83.    At all relevant times, Plaintiff Diaz-Caballero  and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

84.    The claims of Plaintiff Diaz-Caballero stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

85.    Plaintiff Diaz-Caballero repeats and realleges all paragraphs above as though fully set forth herein.

86.    At all times relevant to this action, Defendants were Plaintiff Diaz-Caballero's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Diaz-Caballero (and the FLSA Class Members), controlled

the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

87.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

88.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

89.    Defendants failed to pay Plaintiff Diaz-Caballero (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

90.    Defendants' failure to pay Plaintiff Diaz-Caballero (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

91.    Plaintiff Diaz-Caballero (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

92.    Plaintiff Diaz-Caballero repeats and realleges all paragraphs above as though fully set forth herein.

93.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Diaz-Caballero  (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94.    Defendants' failure to pay Plaintiff Diaz-Caballero (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

95.    Plaintiff Diaz-Caballero (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

96.    Plaintiff Diaz-Caballero repeats and realleges all paragraphs above as though fully set forth herein.

97.    At all times relevant to this action, Defendants were Plaintiff Diaz-Caballero's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Diaz-Caballero, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

98.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Diaz-Caballero  less than the minimum wage.

99.    Defendants' failure to pay Plaintiff Diaz-Caballero the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

100.  Plaintiff Diaz-Caballero was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

101.    Plaintiff Diaz-Caballero repeats and realleges all paragraphs above as though fully set forth herein.

102.  Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Diaz-Caballero overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

103. Defendants' failure to pay Plaintiff Diaz-Caballero overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

104. Plaintiff Diaz-Caballero was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

105. Plaintiff Diaz-Caballero repeats and realleges all paragraphs above as though fully set forth herein.

106. Defendants failed to provide Plaintiff Diaz-Caballero with a written notice, in English and in Spanish (Plaintiff Diaz-Caballero's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

107. Defendants are liable to Plaintiff Diaz-Caballero in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

108. Plaintiff Diaz-Caballero repeats and realleges all paragraphs above as though fully set forth herein.

109.  With each payment of wages, Defendants failed to provide Plaintiff Diaz-Caballero with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

110.  Defendants are liable to Plaintiff Diaz-Caballero in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

111.   Plaintiff Diaz-Caballero repeats and realleges all paragraphs above as though fully set forth herein.

112.  Defendants required Plaintiff Diaz-Caballero to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

113.  Plaintiff Diaz-Caballero was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

114.  Plaintiff Diaz-Caballero repeats and realleges all paragraphs above as though fully set forth herein.

115.  At all relevant times, Defendants were Plaintiff Diaz-Caballero's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

116.  New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

117.  Defendants unlawfully misappropriated a portion of Plaintiff Diaz-Caballero's tips that were received from customers.

118.  Defendants knowingly and intentionally retained a portion of Plaintiff Diaz-Caballero's tips in violations of the NYLL and supporting Department of Labor Regulations.

119.  Plaintiff Diaz-Caballero was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Diaz-Caballero respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Diaz-Caballero and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Diaz-Caballero  and the FLSA Class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Diaz-Caballero's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Diaz-Caballero  and the FLSA Class members;

(f)      Awarding Plaintiff Diaz-Caballero  and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Diaz-Caballero   and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Diaz-Caballero ;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Diaz-Caballero ;

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Diaz-Caballero's compensation, hours, wages and any deductions or credits taken against wages;

(k)       Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Diaz-Caballero;

(l)       Awarding Plaintiff Diaz-Caballero  damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)      Awarding Plaintiff Diaz-Caballero  damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)       Awarding Plaintiff Diaz-Caballero  liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)       Awarding Plaintiff Diaz-Caballero  and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)        Awarding Plaintiff Diaz-Caballero  and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)       Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)       All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Diaz-Caballero demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
May 25, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

May 22, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Ime Diaz – Caballero

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           22 de mayo de 2018

*Certified as a minority-owned business in the State of New York*