# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

September 3, 2019

**VIA ECF**

Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

        **Re:**   *Diaz-Caballero v. Midtown Catch Corp. et al.*,
               S.D.N.Y., 18-cv-4672 (AT)

Dear Judge Torres:

      This office represents Plaintiff Ime Diaz-Caballero in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff and Defendants Midtown Catch Corp. (d/b/a Midtown Catch) Michael Cioffi, and Joseph Polizzi ("Defendants" and together with Plaintiff, the "Parties").

      The Parties have agreed to resolve this action on the mutually acceptable terms. The Parties' agreement has been memorialized in a Settlement Agreement[1] (the "Agreement"), a copy of which is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      The Parties represent to the Court that they believe that the Agreement is fair, as discussed herein.

**Background**

      Plaintiff was employed by Defendants to work at a seafood retail store located at 405 East 57th Street, New York NY 10022 under the name "Midtown Catch." Diaz-Caballero alleged that

---

[1] The Agreement has not been signed by one defendant, Joseph Polizzi, who is currently away. We anticipate that he will sign next week when he returns, and we will then submit the fully executed Agreement. We respectfully request that the Court not dismiss the action until after we submit the fully executed Agreement.

*Certified as a minority-owned business in the State of New York*

Hon. Analisa Torres
Sept. 3, 2019
Page 2 of 6

he was employed by Defendants from approximately February 2016 until December 2016. Throughout his employment Diaz-Caballero worked approximately 59 hours per week. Throughout his employment Diaz-Caballero was paid $480 per week in cash. Diaz-Caballero also alleges that Defendants withheld approximately $180 in tips on a weekly basis.

Defendants deny Plaintiff's allegations and assert that Plaintiff was paid in accordance with the law. In particular, Defendants disputed Plaintiff's claim regarding the number of overtime hours that he supposedly worked without compensation at the overtime rate and Plaintiff's computation of his alleged damages.

The Parties thus acknowledge that they each face risks of not being able to prevail on some or all of their respective claims and/or defenses if this case were to proceed to trial. In order to avoid the risks, expense and burdens of further litigation in establishing their respective positions, the Parties agreed to resolve and settle the case days before the scheduled trial.

**Settlement**

Plaintiff estimates that, in a best case scenario, he would be entitled to approximately $14,706.00 in minimum and overtime base wages. However, if Defendants were to succeed in proving that Plaintiff worked the hours they claim, Plaintiff would have been owed less than $2,000 in minimum and overtime wages. Accordingly, the Parties have agreed to resolve this action for the total sum of **$48,000**, which will be paid as outlined in **Exhibit A**. $31,440.00 of the settlement amount will be paid to the Plaintiff, in full satisfaction of any wages or penalties owed. The remaining $16,560.00 will be paid to Michael Faillace & Associates, P.C., as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Agreement here is fair to the Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action, without incurring the costs or encumbrance of lengthy trial. The $31,440.00 that he will be receiving accounts for the full unpaid minimum and overtime wages that he could have potentially recovered at trial, and liquidated damages upon those wages, as well as additional amounts for other violations. This recovery is also well over what the Plaintiff would recover if Defendants were to successfully establish that Plaintiff worked far fewer hours they claimed. Furthermore, the Agreement is the

Hon. Analisa Torres
Sept. 3, 2019
Page 4 of 6

product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.  The agreement was reached only days before trial.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues.  Further, while this action was pleaded as a collective action under the FLSA, it has not been prosecuted as such, and there has been no publicity concerning this matter; consequently, there is no prejudice to any potential class member who is not a party to the Agreement.

### The Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiffs' counsel will receive $16,560.00 from the settlement fund as attorneys' fees and costs.  This represents one-third of the Settlement amount plus costs, a reduction in fees from what is identified in the Plaintiff's retainer agreement, which provides that forty percent of the Plaintiff's recovery will be retained by the firm.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit.  *See* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit").  In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable.

Given the Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, the Plaintiff's counsel was able to obtain a favorable pre-trial result.

Hon. Analisa Torres
Sept. 3, 2019
Page 5 of 6

Attached hereto as **Exhibit B**, are the Plaintiff's attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.
- Joshua Androphy, senior attorney at Michael Faillace & Associates, P.C., is requesting an hourly rate of $400.00. This is the actual rate he is billed at for matters he works on for which we bill clients on an hourly basis, including wage and hour defense cases. Attorney Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, Attorney Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Attorney Androphy has been responsible for litigating all aspects of individual, collective, and class action employment claims in state and federal court. Androphy has been selected as a Super Lawyers Rising Star for employment litigation in 2014, 2015, 2016, 2017, and 2018.

The requested attorneys' fees and costs in the Parties' settlement are reasonable under the circumstances and the Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the settlement amount based on the approval of their client. Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of

Hon. Analisa Torres
Sept. 3, 2019
Page 6 of 6

Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

    Thank you for your consideration in this matter.

                      Respectfully Submitted,

                      /s/ Joshua S. Androphy
                      Joshua S. Androphy, Esq.
                      Michael Faillace & Associates, P.C.
                      *Attorneys for Plaintiff*

cc:    Mitchell Segal, Esq. (via ECF)

       *Attorney for Defendants*