UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IME DIAZ-CABALLERO (A.K.A. JORGE),
individually and on behalf of others similarly
situated,

                        Plaintiff,

-against-

MIDTOWN CATCH CORP. (D/B/A MIDTOWN
CATCH), MICHAEL CIOFFI, and JOSEPH
POLIZZI,

                        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4/15/2020
```

18 Civ. 4672 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

       Plaintiff, Ime Diaz-Caballero, brings this action against Defendants, Midtown Catch Corp., Michael Cioffi, and Joseph Polizzi, for, *inter alia*, unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* ECF No. 1. Having reached a settlement, the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 58. For the reasons stated below, the motion to approve the settlement agreement is GRANTED.

## DISCUSSION

    I.    <u>Legal Standard</u>

       The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

       In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).  In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims.  *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award.  *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).  "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'"  *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)).  Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done."  *Id.* (citation omitted).

II.   Analysis

The Settlement provides for Defendants to pay Plaintiff $31,440 and to pay Plaintiff's counsel $16,560 in attorney's fees and costs.  Letter at 2; Settlement Agreement and Release ("Settlement") § 1, ECF No. 58-1.  The parties' letter motion identifies Plaintiff's total unpaid wages to be $14,706—a recovery that would be supplemented by liquidated damages and other penalties—but acknowledge that Plaintiff's recovery could have been as low as $2,000.  Letter at 2–3.  Additionally, the parties state that they engaged in arms-length bargaining, and there is no evidence of fraud or collusion.  *Id.* at 3–4.  The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is not overly broad, as it releases Defendant from claims "relating specifically to the claims in [this suit] as of the [e]ffective [d]ate of [the Settlement]."  Settlement § 2.  The Settlement also contains no confidentiality provision.  The Court is, therefore, satisfied that the Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiff's counsel seeks to recover $16,560 in fees and costs.  Letter at 4; Settlement § 1.  Plaintiff's counsel represents that this constitutes "one-third of the Settlement amount plus costs," presumably meaning that counsel is seeking $16,000 in fees (one-third of $48,000), and $560 in costs.  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and

[his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005).  As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method.  *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's lodestar calculation amounts to $13,310 in attorney's fees and $862.00 in costs.  Timesheet, ECF No. 58-2.  Michael Faillace billed 4 hours at a rate of $450 per hour, Joshua Androphy billed 23.6 hours at a rate of $400 per hour; an unidentified party labeled "CK" billed 5.1 hours at a rate of $300 per hour, and another unidentified party labeled "PL" billed 5.4 hours at a rate of $100 per hours.  *See id.*

The rates proposed by Mr. Faillace and Mr. Androphy have been rejected repeatedly by courts in this district within the last year.  *See, e.g.*, *Perez Garcia v. Hirakegoma Inc.,* No. 17 Civ. 7608, 2020 WL 1130765, at *12 (S.D.N.Y. Mar. 9, 2020); *Velazquez Cuautle v. Hudson Mkt. 303 LLC*, No. 18 Civ. 2968, 2019 WL 5569603, at *1 (S.D.N.Y. Oct. 29, 2019) ("Courts have routinely found that Mr. Faillace's and his firm's charged hourly rates are excessive."); *Montes v. 11 Hanover Grp. LLC*, No. 17 Civ. 9376, 2019 WL 4392516, at *2 (S.D.N.Y. Sept. 12, 2019) ("The Court finds that the hourly rates sought for three of the attorneys at the Faillace Firm (Michael Faillace, $450.00; Joshua Androphy, $400.00; and Haleigh Amant, $250.00) are unreasonable."); *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) ("The Court also finds that managing partner Michael Faillace's rate of $450 per hour is excessive.").  This case, like those, was not particularly complicated, nor were the tasks performed particularly sophisticated.  Following those courts, the Court will reduce Mr. Faillace's rare to $400 per hour and Mr. Androphy's to $350 per hour for purposes of calculating the lodestar.

The Court can infer that the unidentified party labeled "PL" is a paralegal, based on the work they performed and the rate they billed.  (Indeed, it is quite possible Plaintiff's counsel intended PL to simply be shorthand for "paralegal," though there is no notation of that fact in their submission.)  "Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict."  *Perez Garcia*, 2020 WL 1130765, at *12.  The hours billed by PL are not unreasonable.

However, the Court has virtually no ability to assess the reasonableness of CK's rate or hours, since the parties have provided no information about who they are, what job they hold, or what qualifications they have.  The Court, therefore, will exclude the hours credited to CK from the lodestar calculation.  *Custodio v. Am. Chain Link & Const., Inc.*, No. 06 Civ. 7148, 2014 WL 116147, at *2 (S.D.N.Y. Jan. 13, 2014)  ("It was also proper . . . to  . . . reject[] the application for fees for the other attorneys and paralegals because there was insufficient information regarding their qualifications and experience.").

Except for in the respects just described, Plaintiff's counsel's billing records appear reasonable.  The lodestar calculation, therefore, should include 4 hours at $400 for Mr. Faillace ($1600), 23.6 hours at $350 for Mr. Androphy ($8,260), and 5.4 hours at $100 for the paralegal ($540), for a lodestar amount of $10,400.  Added to that are $862 in costs, which the Court finds to be reasonable, for a total of $11,262.

The requested award, minus $862 in costs, is $15,698—approximately 1.5 times the lodestar amount. "Courts in this District have concluded that a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Lazo*, 2019 WL 95638, at *3 (internal quotation marks and citation omitted) (collecting cases). Thus, notwithstanding the deficiencies in Plaintiff's counsel's billing records, the requested award of attorney's fees and costs is within a reasonable range given the risk of taking on a contingent fee case and the substantial success obtained by Plaintiff's counsel. Accordingly, the Court will not disturb the fee-and-cost award agreed upon in the Settlement.

## CONCLUSION

The parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: April 15, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge